# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY S. LONG, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-01446 |
| | § | |
| BDP INTERNATIONAL, INC., ELITE, | § | |
| GROUP, INC., ELITE | § | |
| INTERNATIONAL | § | |
| TRANSPORTATION, INC., ELITE | § | |
| BROKERAGE SERVICES INC., and | § | |
| ETS EXPRESS, INC. | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The case is before the Court on Defendants BDP International, Inc ("BDP"), Elite Group, Inc., Elite International Transportation, Inc., Elite Brokerage Services, Inc., and ETS Express, Inc.'s (collectively, "Defendants") Motion for Reconsideration and Request for 28 U.S.C. § 1292(b) Certification (the "Reconsideration Motion") [Doc. # 77] of the Memorandum and Order issued by the Court on February 8, 2013, regarding conditional certification of a class of team leaders (the "Feb. 8 Memorandum and Order"). Plaintiff Kimberly Long ("Long") filed a Response to the Reconsideration Motion [Doc. # 83], and Defendants filed a Reply [Doc. # 88]. The Court has carefully reviewed the record, the parties' arguments, and applicable law, and concludes the Reconsideration Motion should be **granted in part** as to the

decertification of the team leader class and **denied in part** as to Defendants' request for 28 U.S.C. § 1292(b) certification.

I. **BACKGROUND**

On May 9, 2012, Long, a former logistics coordinator, filed a putative collective action suit alleging that she and other similarly situated "logistics coordinators" were not paid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Eight logistics coordinators and one team leader opted in to the suit: Jackie Gonzalez, Paula Poteet (formerly, Paula Calhoun), Norma Salas, Carlos Castillo, Jeffery Sims, Phillip Auzenne, Jorge Reyes, Falynn Szelinski, and James Cox. *See* Opt in Notices [Docs. # 15, # 31, # 32, and # 40]. On September 25, 2012, BDP filed a Motion for Summary Judgment [Doc. # 33]. Two days later, Defendants filed a Motion to Dismiss and to Compel Arbitration as to Opt-in Plaintiff Norma Salas [Doc. # 34]. On September 28, 2012, Long filed her First Amended Complaint [Doc. # 35], which added team leaders to Long's proposed class definition. Defendants filed a Motion to Dismiss Opt-in Plaintiff Paula Poteet [Doc. # 44] on October 19, 2012. On November 19, 2012, Defendants filed Motions to Dismiss and Compel Arbitration as to Opt-in Plaintiffs Falynn Szelinski [Doc. # 50] and James Cox [Doc. # 51]. On December 7, 2012, Long filed a Motion for Class Notice [Doc. # 54].

The Court denied BDP's Motion for Summary Judgment without prejudice and granted Defendants' Motions to Dismiss and to Compel Arbitration as to Salas, Szelinski, and Cox. January 22, 2013 Memorandum and Order [Doc. # 67].

Next, the Court denied Defendants' Motion to Dismiss Opt-in Plaintiff Paula Poteet and granted in part Long's Motion for Class Notice. Feb. 8. Memorandum and Order [Doc. # 71], at 17-18. The Court conditionally certified two separate classes, a class of logistics coordinators employed by Defendants in Houston, Texas, between February 5, 2010, and the present, and a class of team leaders employed by Defendants in Houston, Texas, between February 5, 2010, and the present. *Id.* at 18 (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). Defendants filed their Reconsideration Motion, and the parties filed related correspondence. *See* February 20, 2013 Advisory [Doc. # 78]; February 21, 2013 Advisory [Doc. # 78]. The Court ordered Defendants to produce a list of logistics coordinators but did not require the production of a list of team leaders until after issuance of a ruling on the Reconsideration Motion. February 21, 2013 Order [Doc. # 80]. The Court then approved a class notice form and opt-in consent form for logistics coordinators. February 26, 2013 Order [Doc. # 85]; March 1, 2013 Order [Doc. # 87].

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Defendants seek relief under Federal Rule of Civil Procedure 59(e). *See* Reconsideration Motion, at 3-4. Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] "[A Rule 59(e) motion is] used to call[] into question the correctness of a judgment and [is] properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *In re Rodriguez*, 695 F.3d 360, 372 (5th Cir. 2012) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)) (internal quotation marks omitted). Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d

---

[1] Defendants' Reconsideration Motion was filed within the 28 days required by Federal Rule of Civil Procedure 59(e). *See* Feb. 8 Memorandum and Order [Doc. # 71], at 18 (issued on February 8, 2013); Reconsideration Motion [Doc. # 77], at 10-11 (filed on February 19, 2013).

745, 763 (5th Cir. 2005)). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

**B.     Analysis**

Defendants first argue that Long has not pleaded that team leaders were misclassified as exempt employees. *See* Reconsideration Motion, at 2, 4-5. The Court concludes that Plaintiff's amended complaint, read broadly, meets the pleading standard. Plaintiff sought a single multifaceted class made up of both logistics coordinators and team leaders. First Amended Complaint, at 2, ¶ 6. She alleged that "[n]one of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are employed is applicable to Defendants or to Plaintiff." *Id.* at 5, ¶ 27. Plaintiff also alleges that "Class Members are not exempt from receiving overtime pay under the FLSA."[2] *Id.* at 6, ¶ 31. Plaintiff sufficiently alleges that team leaders were non-exempt employees.

---

[2]     The First Amended Complaint defines class members as "current and former logistics coordinators, team leaders, and persons who performed substantially similar job duties under other titles . . . ." *Id.* at 2, ¶ 6. Plaintiff then alleges that all class members "performed logistics and transportation duties for Defendants, were paid on a salary basis, and were denied pay for overtime hours and hours worked off-the-clock." *Id.* at 6, ¶ 36; *see also id.* at 6, ¶ 35-36.

Second, Defendants contend that Long is an insufficient class representative for the team leader class. *See* Reconsideration Motion, at 2. In response, Plaintiff asserts that she can serve as an adequate representative of both classes. In this respect, Defendants have the better side of the argument. The Court concludes that Long cannot adequately represent the class of team leaders.[3] Her claims are not typical of the team leaders' claims. Plaintiff has never been a team leader and was never classified as an exempt employee by Defendants. *See* First Amended Complaint, at 5, ¶ 21. She does not need to prove that she was misclassified as an exempt employee. She has not alleged that she performed the job duties of a team leader. Accordingly, even under *Lusardi*'s loose standard, 118 F.R.D. at 358-61, Plaintiff cannot adequately represent the class of team leaders.

Plaintiff asserts that "if the Court should conclude at the second stage of the *Lusardi* analysis that team leaders are not, in fact, similarly situated to the logistics coordinators, the team leader case could be severed and one of the team leader op-ins could move into the position of lead plaintiff in the severed proceedings." Response,

---

[3]   Although Rule 59(e) bars parties from raising arguments that could have been raised prior to judgment or to argue new legal theories, the Court concludes that Defendants are not precluded from raising this argument in their Reconsideration Motion. Defendants could not have foreseen that the Court would certify a separate class of team leaders. Plaintiff sought and Defendants opposed a single class of logistics coordinators, team leaders, and similarly situated employees. Neither party proposed separate classes.

at 7 (italics added). This proposal is not persuasive. Team leaders have already been severed into a class separate from logistics coordinators in this case. The Court conditionally certified two classes so that the misclassification issue regarding team leaders could be addressed without impacting the class of logistics coordinators.[4] Plaintiff, however, after notice of Long's deficiencies in regard to the team leader conditional class, has not proposed a suitable class representative for that class. The Court accordingly grants Defendants' Reconsideration Motion to the extent Defendants ask the Court to vacate the portion of the Feb. 8 Memorandum and Order conditionally certifying a team leader class.[5]

---

[4] Defendants also argue that there is no single, overarching policy or plan that affects all logistics coordinators and team leaders. Reconsideration Motion, at 7-8. In light of the Court's previous rulings, the Court declines to address this argument.

[5] Defendants assert that the Court erred by conflating the nonexempt logistics coordinator position with the exempt team leader position. *See* Reconsideration Motion, at 5. Defendants mischaracterize the Court's reasoning and the basis for it. First, the Court's analysis was based on careful consideration of all the evidence that the parties provided in conjunction with Plaintiff's Motion for Class Notice. Because the first step of the *Lusardi* analysis is intended to be done before extensive discovery is conducted, the record was limited. It is the limited nature of the record at this early stage of the case that necessitates the second *Lusardi* step, a decertification motion later in the case.

Second, because of its recognition of the exempt–non-exempt issue, the Court conditionally certified two separate classes, one for employees classified as exempt (team leaders) and one for employees classified as non-exempt (logistics coordinators). In doing so, the Court relied on Defendants' job descriptions of the positions in issue, admissions in open court, and portions of the depositions of Defendants' witnesses, Lynch and Heathcock. *See* Feb. 8 Memorandum and Order, at 14-15. Lynch admitted, contrary to Defendants' present contentions, that he did not
(continued...)

## III.    REQUEST FOR 28 U.S.C. § 1292(B) CERTIFICATION

### A.    Legal Standard

A district judge may grant a party's request to certify the appeal of an order that otherwise cannot be appealed if the Court concludes, in writing, that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). For the Court to certify the appeal, three requirements must be met: "(1) a controlling issue

---

[5] (...continued)
work with each team leader and that he did not know if any individual team leader primarily did the tasks of a logistics coordinator. Lynch Depo. [Doc. # 55], Exh. 10, at 46-47. Lynch testified that team leaders do some logistics coordinator tasks and that it was possible that a team leader primarily did the job of a logistics coordinator. *Id.* He also testified that both team leaders and logistics coordinators IIIs advise and guide other team leaders on daily issues. *Id.* at 52. In addition, squarely contrary to Defendants' present contentions, the job descriptions in this case did not merely list the skills required for the team leader and logistics coordinator positions. *See* Team Leader Job Description [Doc. # 63, Exh. 4]; Logistics Coordinator III Job Description [Doc. # 63, Exh. 5]. The job descriptions detail the specific duties assigned to employees in these positions. *Id.* The Court's reliance on them was well founded. Lynch confirmed that the job description for each position accurately reflected the duties of employees in that position. Lynch Depo. [Doc. # 55], Exh. 10, at 47.

The Court explicitly addressed the statements made by Lynch cited by Defendants in their Reply. *See* Feb. 8 Memorandum and Order, at 15 n.8 (addressing Lynch's deposition testimony that mirrored the portions of Lynch's declaration cited by Defendants). The Court nevertheless recognized that there is a fact issue concerning the team leaders' duties and the amount of time they spent on supervisory versus non-supervisory functions. *Id.* at 16. Thus, the Court determined that the issues should be addressed when discovery is completed, at the second step of the *Lusardi* analysis. Defendants' citations to Lynch's testimony in their Reply accordingly miss the mark.

of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Interlocutory appeals under § 1292(b) are exceptional and are permitted only if all three of the criteria are satisfied. *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Courts should not certify § 1292(b) appeals merely when the movant disputes factual issue or the court's application of controlling law to the facts of the case. *See, e.g.*, *Fisher v. Halliburton*, 667 F.3d 602, 609, 611 (5th Cir. 2012); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005); *Clark-Dietz & Assocs.*, 702 F.2d at 69; *Stoffels v. SBC Commc'ns.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008).

**B.     Analysis**

**1.     "Mixed" Class Issue**

First, Defendants request certification pursuant to 28 U.S.C. § 1292(b) to determine whether the Court used the correct legal standard to certify "mixed classes of *non exempt* [sic] logistics coordinators and *exempt* team leaders." *See* Reconsideration Motion, at 4. Contrary to Defendants' contention, *see* Reconsideration Motion, at 8, the Court's Feb. 8 Memorandum and Order [Doc. # 71] did not create mixed classes of non-exempt logistic coordinators and exempt team

leaders. Feb. 8 Memorandum and Order, at 14-18. The Court conditionally certified two separate classes, one for non-exempt employees (logistics coordinators) and one for allegedly exempt employees (team leaders). Further, this issue involves merely the Court's application of controlling law to the facts of the case. In such cases, § 1292(b) certification is inappropriate. *See Fisher*, 667 F.3d at 609, 611; *Atteberry*, 430 F.3d at 251-52; *Clark-Dietz & Assocs.*, 702 F.2d at 69; *Stoffels*, 572 F. Supp. 2d at 811. In any event, in light of the Court's ruling above vacating its certification of the class of team leaders, Defendants' request for a § 1292(b) certification is moot.

## 2. Challenge to *Lusardi* Standard

Second, viewed most expansively, Defendants' motion appears to seek certification to challenge the Court's application of the two-step *Lusardi* analysis.[6] *See* Reconsideration Motion, at 2, 9.[7] To the extent the certification of this issue is requested, it is denied. Defendants do not satisfy the high hurdle of the three § 1292(b) certification factors.

The Court first addresses the third §1292(b) factor. When evaluating whether the certification would materially advance the ultimate termination of the litigation,

---

[6] The Court adopted the two-step *Lusardi* procedure, as is the widespread practice in this district, rather than relying on *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990), which is akin to a Rule 23 process.

[7] The Reconsideration Motion is unclear regarding whether Defendants seek § 1292(b) certification on the application of the *Lusardi* approach to logistics coordinators.

"a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cnty., Tex.*, No. 3:10-cv-00071, 2013 WL 321616, at *3 (S.D. Tex. Jan. 28, 2013) (Costa, J.). Defendants argue that certification would advance the ultimate termination of the trial because it would make the second step of *Lusardi* unnecessary. Defendants' arguments here are unsupported and unpersuasive. Most significantly, an immediate appeal about whether a class of some sort should be certified would not eliminate the need for wide-ranging discovery and, possibly, a trial in this case. The Court must reach the liability issues for Long and the five Opt-in Plaintiffs. In addition, cases challenging the *Lusardi* approach and advocating a Rule 23/*Shushan* process are before the Fifth Circuit already. If the Fifth Circuit determined on appeal that the *Shushan* analysis governs, this Court then will address the merits of class certification under that approach. This analysis will be facilitated by the additional discovery that the parties will undertake for Long and the Opt-in Plaintiffs in any event. Certification under § 1292(b) is inappropriate because Defendants have not satisfied the third criteria.

It is further noted in passing that Defendants do not satisfy the other two § 1292(b) factors. Defendants have not met their burden to show that there is a

substantial ground for difference of opinion on the merits of the *Lusardi* versus the *Shushan class* certification tests. Courts have generally concluded that there is a substantial ground for difference of opinion when:

> [A] trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals [that] have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Adhikari*, 2012 WL 718933, at *2 (quoting *Ryan*, 444 F. Supp. 2d at 723-24). In regard to the issue at bar, the Fifth Circuit has not expressed a preference for either the *Lusardi* or *Shushan* approach, *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995), but stated in *La Chapelle v.Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975), that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)." *Id.* at 288; *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (referring to the two-step approach as the "typical" method); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2010) (discussing the Fifth Circuit's position on this issue). Almost all courts in the Southern District of Texas and this circuit apply the *Lusardi* approach.[8] *See McKnight*

---

[8] Defendants cite two district court cases, a Southern District of Texas case from 1998, *Camp v. Lockheed Martin Corp.*, No. H-97-1938, 1998 WL 906915 (S.D. Tex. Apr. 22, 1998), and a Northern District of Texas case, *Lentz v. Spanky's Rest. II, Inc.*, 491

(continued...)

*v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800-01 (S.D. Tex. 2010) (citations omitted); *Tolentino v. C&J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007). As the Eastern District of Louisiana has explained, "[g]iven the direction of the Tenth and Eleventh Circuits and the great weight of district court authority, a consensus has been reached on how section 216(b) cases should be evaluated. It is clear that the two-step ad hoc approach is the preferred method for making the similarly situated analysis and that the similarly situated standard does not incorporate Rule 23 requirements." *Basco v. Wal-Mart Stores, Inc.*, No. Civ.A. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (Duval, J.). Although the Seventh Circuit recently has held differently in *Espenscheid v. DirectSat USA, LLC*, No. 12-1943, 2013 WL 407446, at *2 (7th Cir. 2013), the consensus among the district courts in this circuit, supported by Fifth Circuit *dicta*, is that *Lusardi* is the proper approach. The Court declines to take the exceptional step of certifying the issue of the application of *Lusardi* to logistics

---

8    (...continued)
F. Supp. 2d 663 (N.D. Tex. 2007), to support their argument that there is a substantial difference of opinion concerning which analysis should be applied. In each of these cases, the court applied **both** the *Lusardi* and the *Shushan* analyses and reached the same outcome after apply each test. *Lentz*, 491 F. Supp. 2d at 668-671; *Camp*, 1998 WL 906915, at *2. Although both courts expressed a preference for the *Shushan* analysis, neither provided reasoning for that preference. *Lentz*, 491 F. Supp. 2d at 668-69 (expressing a preference for the *Shushan* analysis in the particular case at issue); *Camp*, 1998 WL 906915, at *2.

coordinators under § 1292(b). Defendants' request is denied.

Finally, Defendants fail to explain why this case raises an issue of controlling law as the concept is used in § 1292(b) analysis. As Defendants point out, the Fifth Circuit currently is addressing the issue in another case. *See* Reconsideration Motion, at 8-9; Reply, at 8. Once the Circuit issues its ruling, this Court will apply it to assess the propriety and scope of any class. The issue does not affect the litigation of the named Plaintiff and the Opt-in Plaintiffs. Any arguments to revisit class certification can be addressed after the Fifth Circuit rules in the case before it or in the second stage of the *Lusardi* process. Defendants have not satisfied the first § 1292(b) criteria as to this case.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration and Request for 28 U.S.C. § 1292(b) Certification [Doc. # 77] is **GRANTED in part**. The Court vacates its certification of the class of team leaders employed by Defendants in Houston, Texas, between February 5, 2010, and the present. It is further

**ORDERED** that Defendants' Motion for Reconsideration and Request for 28 U.S.C. § 1292(b) Certification [Doc. # 77] is **DENIED in part** as to the requested certification under 28 U.S.C. § 1292(b). It is further

**ORDERED** that in light of the Court's rulings, the Court **VACATES** its February 8, 2013 Memorandum and Order [Doc. # 71] to the extent it denied Defendants' Motion to Dismiss Opt-in Plaintiff Paula Poteet. It is **ORDERED** that Opt-in Plaintiff Paula Poteet, who was employed by Defendants only as a team leader and not as a logistics coordinator, is **DISMISSED** from the suit.

SIGNED at Houston, Texas, this 14th day of **March, 2013.**

Nancy F. Atlas
United States District Judge